COUGHLIN, Respondent, v. BRUMWELL et al, Appellants.

(219 N. W. 256.)

(File No. 5942.   Opinion filed May 4, 1928.)

*Wilmarth, M.cCoy & McCoy,* of Huron, for Appellants.
*Null & Royhl,* of Huron, for Respondent.

BROWN, J.   Defendant Moeding, in 1920, while a lessee of N. E. ¼ of section 6—110—59, built a house on it and executed a chattel mortgage on the house to defendant Brumwell.   This mortgage was never filed, and plaintiff had no notice of it.   The next year Moeding rented from plaintiff the S. E. ¼ of the section and moved the house on to that tract, on which he also built a small barn and henhouse.   Thereafter, to secure a note for $250, he gave a chattel mortgage to plaintiff, which included two horses and "also all improvements that are on the S. E. ¼ of section 6—110—59," and that mortgage was duly filed on April 4, 1921. On April 8, 1921, Moeding gave a chattel mortgage to Brumwell, including, among other things, one wood frame house, one wood frame barn, and one henhouse, specifically stating the dimensions and manner of construction of each, located on the S. E. ¼ of section 6—110—59, in Logan township, Beadle county.   On June 30, 1923, he gave a chattel mortgage to Cavour Lumber Company covering the same frame house, barn, and henhouse, with detailed descriptions similar to those in the mortgage to Brumwell.

The principal controversy on this appeal is the priority of the respective mortgages.   The first one to Brumwell is disregarded because it was neither filed nor did plaintiff have any notice of it.   As between the three other mortgages, plaintiff's, being first in time and properly filed, is entitled to priority, unless, as is contended by appellants, the description in plaintiff's mortgage is insufficient.   Appellants' contention is that the word "improvements" presupposes something to be improved, and that buildings placed as improvements upon land necessarily become a part of the land, that improvements upon land cannot be the sub-

ject of a chattel mortgage. The term as applied to land is more comprehensive than fixtures, but it may include fixtures. It would clearly include breaking up the sod, and it has even been held that street sprinkling is an improvement to adjacent city lots, but obviously a chattel mortgage could not cover either breaking or street sprinkling. But buildings situated on land are included in the term "improvements" and may be the subject of chattel mortgage. A landowner and tenant may make such agreement as they see fit with regard to the right of the tenant to remove such buildings as he may place on the land, and the appellants in this case have themselves treated the buildings placed on this land by Moeding as chattels by taking chattel mortgages on them. We think the words "all improvements" in the description in plaintiff's mortgage covered the three buildings described in the mortgages of appellants and were sufficient to enable any person of ordinary prudence to identify the mortgaged property. We therefore hold that plaintiff's mortgage is entitled to priority over either of the mortgages held by appellants.

The only relief demanded in the complaint against the defendants Brumwell and Cavour Lumber Company was that plaintiff's mortgage be adjudged the superior lien against the buildings and that said defendants be enjoined from disposing of them. The judgment of the court, given on motion of plaintiff's attorneys, is vague and hard to understand, but it decrees a foreclosure of the mortgage and seems to give a personal judgment against Brumwell and Cavour Lumber Company for the full amount due on plaintiff's note, with interest, the aggregate money judgment rendered against Brumwell and Cavour Lumber Company being $412.85. As Moeding was not served with summons or complaint and it is not claimed that any appearance was made by him and foreclosure of the mortgage was not asked for in the complaint, we do not see how judgment for the foreclosure of the mortgage can be sustained, and certainly a personal judgment against defendants Brumwell and Cavour Lumber Company for the amount of Moeding's debt to plaintiff cannot be sustained. Respondent concedes that "the judgment may be confusing," and that it should not be against Brumwell and Cavour Lumber Company for more than $50 attorneys' fees and $17.30 costs, and that the judgment may be amended to so read, but as this is not an

action for the foreclosure of a mortgage the item of $50 for attorneys' fees cannot be charged against any defendant.

We think the judgment must be reversed and the cause remanded to the trial court to render such judgment as is consistent with the pleadings and the findings of fact. No costs to be taxed in this court. Judgment reversed.

POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BURCH, P. J., not sitting.